**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HAKEEM JUSEF JONES,

    Petitioner,

v.

                                Civil Case No. 8:25-cv-1762-WFJ-AAS
                                Crim. Case No. 8:23-cr-459-WFJ-AAS

UNITED STATES OF AMERICA,

    Respondent.
_____

## ORDER

Hakeem Jusef Jones moves under 28 U.S.C. § 2255 to vacate his convictions for conspiracy to distribute and possess with intent to distribute fentanyl and distribution of fentanyl, for which he serves 151 months. (Civ. Doc. 1; Crim. Doc. 50) Jones submits one ground for relief. He claims that counsel rendered constitutionally ineffective assistance by not appealing, specifically, by not following his directive to file a timely notice of appeal. (Civ. Doc. 1 at 4) Jones requests permission to file a belated appeal. (*Id*. at 12)

"'[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal,' with no need for a 'further showing' of his claims' merit, regardless of whether the defendant has signed an appeal waiver." *Garza v. Idaho*, 586 U.S. 232, 243–44, 139 S. Ct. 738,

747, 203 L. Ed. 2d 77 (2019) (reaffirming and quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000)).

The United States "concedes that an evidentiary hearing would be necessary for this Court to make a credibility determination as to whether Jones either expressly directed his counsel to appeal or reasonably demonstrated an interest in appealing such that he would have appealed given adequate consultation." (Civ. Doc. 2 at 2) The United States does not concede that counsel was ineffective in his representation of Jones. (*Id*. at 3) Nevertheless, the United States "submits that the interests of judicial economy would be best served by this Court granting the motion to vacate, but only to the extent that Jones would be afforded an out-of-time appeal pursued by appointed counsel." (*Id*.)

To conduct an evidentiary hearing, an incarcerated defendant must be brought to a hearing at considerable expense to the United States Marshal, to the United States Attorney, either to the Federal Defender or to private counsel appointed under the Criminal Justice Act, and to the judiciary. As the United States recognizes, the interest of judicial economy is best served by granting the § 2255 motion but only to the extent that Jones will be afforded an out-of-time appeal with the assistance of appointed counsel in accord with *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000):

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a [Section] 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant

should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(i).

Accordingly, Jones's § 2255 motion (Civ. Doc. 1) to vacate, set aside, or correct his sentence is **GRANTED** as to the claim that counsel failed to appeal.  Because Jones submits this singular claim, the Court need not hold in abeyance any remaining collateral claims.  *See McIver v. United States*, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002) ("[T]he best approach is to dismiss without prejudice or hold in abeyance the resolution of remaining collateral claims pending the direct appeal.").

The Clerk is directed to enter a judgment for Jones in this civil action, to **CLOSE** this civil action, and to docket this order in the criminal action.  This matter is referred to the United States Magistrate Judge, who must appoint counsel in the criminal action for the purpose of appealing.  After counsel files an appearance, the Court will re-impose sentence and enter a new judgment, and the newly appointed counsel must timely appeal.  All further proceedings will occur in the criminal action.

**ORDERED** in Tampa, Florida on July 16, 2025.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**